People v Revi (2024 NY Slip Op 50134(U))

[*1]

People v Revi (Victor)

2024 NY Slip Op 50134(U)

Decided on February 14, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570366/17

The People of the State of New York, Respondent,
against
Victor Revi, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J., at suppression motion; Harold Adler, J., at plea and sentencing), rendered May 1, 2017, convicting him, upon his plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J., at suppression motion; Harold Adler, J., at plea and sentencing), rendered May 1, 2017, affirmed.
The suppression court, adopting the findings of fact and conclusions of law made by a judicial hearing officer [JHO], properly denied defendant's suppression motion. The stop of defendant's vehicle was lawful because the police officer had probable cause to believe that defendant violated the Administrative Code proscription against "unreasonable noise" (see Administrative Code of City of NY § 24-218), defined as, inter alia, making an "excessive or unusually loud sound that disturbs the peace, comfort or repose of a reasonable person of normal sensitivities" (Administrative Code § 24-203[62]). The officer's credited testimony established that at 9:26 pm, at the corner of Fordham Road and the Grand Concourse, he heard music so loud that it diverted his attention from his assignment, that he observed the music emanating from defendant's vehicle that was between one-and-a-half to two blocks away, and that when stopped, defendant asked whether the music was too loud. Rather than being conclusory, the police testimony was sufficiently specific.
Nor is there any basis for disturbing the J.H.O.'s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The determination of the hearing court, which actually saw and heard the witnesses testify, is entitled to deference, and it is not our practice to substitute our own fact findings for those under review unless the latter are plainly unjustified or clearly erroneous (see People v Martin, 112 AD3d 453, 454 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 14, 2024